UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GARGANUS T. MOORE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DICK BROWN, )<br>)<br>Respondent. ) | Case No. 2:15-cv-00045-JMS-MJD |

**Entry Granting Petition for Writ of Habeas Corpus**

**I.**

**A.**

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Inmates are entitled to due process before any of their good time credits, in which they have a liberty interest, are taken away from them. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "To avoid arbitrary deprivation of prisoners' liberty interests, due process requires that 'some evidence' supports the conduct board's findings." *Smith v. Davis*, 48 F. App'x 586, 587 (7th Cir. 2002)(citing *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985)). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

**B.**

Garganus Moore was charged in No. WVD 14-12-13 with Attempting to Commit Assault/Battery. This charge was based on an incident which occurred on December 6, 2014 at the Wabash Valley Correctional Facility. According to the conduct report, at approximately 9:00 A.M.

the reporting officer entered the range (hallway) of the Special Confinement Unit ("SCU") and smelled what appeared to be feces and observed a brown liquid substance on the floor in front of cell 602, on the cell door of 602 and on the wall between cells 601 and 602. The conduct report continues by reciting that the reporting officer reviewed the video of that area and that video showed:

> at approximately 8:56:44 Offender Garganus Moore DOC# 170307 opened the cuff port claim port of cell 602, stuck his arm out with a Styrofoam cup and slung a liquid substance towards cell 601. Offender Marcus Brown DOC #218766 is assigned to cell 601. Offender Brown advised me that nothing had came [sic] in his cell or on him.

On December 8, 2014, Moore was notified of the charge and of his procedural rights in connection with it.

A hearing on the charge was conducted on December 11, 2014. Moore was present at the hearing and made a statement concerning the charge. His statement is shown as (1) identifying the substance as gravy and milk, (2) reciting that he had wanted to assail his neighbor in cell 602 (inmate Brown) on his way to recreation, and (3) admitting that he (Moore) was wrong. The hearing officer considered Moore's statement, along with the conduct report and other information, and found Moore guilty of Attempting to Commit Assault/Battery.

## C.

One of the claims Moore makes in his habeas petition is that there was not sufficient evidence to support the hearing officer's finding of guilt. The respondent argues otherwise, summarizing the evidence shown by the record and pointing out that "Assault/Battery" is defined in the Indiana Department of Correction disciplinary code as "Committing battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury."

The critical description of the pertinent events, taken from the conduct report, is this: "Garganus Moore DOC# 170307 opened the cuff port of cell 602, stuck his arm out with a Styrofoam cup and slung a liquid substance towards cell 601." The respondent concedes that "[t]his is the only direct evidence in this case." The respondent then devotes a few sentences to (a) discussing what the substance was, (b) suggesting that the odor of the substance was offensive, and (c) discussing Moore's intent. These items are outside the realm of sensible features of the offense with which Moore was charged, given that the conduct itself—slinging a liquid substance toward cell 601—is *not described* as relating to where Brown was at the time.

The prison policy is not described as incorporating Indiana's statutory definition of assault and battery or the definition of attempt. But Indiana's statutory definition of "attempt" is instructive. IND. CODE § 35–41–5–1 defines attempt:

> A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

"Deciding what constitutes an attempt has always been a burden upon the common law, challenging even the most respected judges." *Ward v. State,* 528 N.E.2d 52, 53 (Ind. 1988) (citing Oliver Wendell Holmes, **The Common Law** 68 (1881)).

The respondent's argument attempts to use Moore's *intent* to commit assault—as seems undisputed here—as the substantial step in the offense. This will not do. The conduct report identifies Brown as Moore's neighbor. The conduct report does not describe where Brown was at the moment of slinging, does not describe whether Moore saw, heard, or otherwise sensed Brown's presence in cell 601, and does not describe any proximity between the slung material, whatever it was, and Brown. Moore's attempted assault, in other words, would have needed a target. The conduct report does not cast Brown in that role. Evidence of some misconduct is clear enough, but

evidence of Moore's attempted assault on Brown, occupant of cell 601, is wholly absent because based on the conduct report—the only direct evidence of what occurred--Brown himself is absent from Moore's vision and from the trajectory or even the proximity of the slung material.

## II.

The petition of Garganus Moore for a writ of habeas corpus challenging the disciplinary proceeding identified as No. WVD 14-12-13 is **granted.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: <u>February 1, 2016</u>

                                                Hon. Jane Magnus-Stinson, Judge
                                                United States District Court
                                                Southern District of Indiana

Distribution:

GARGANUS MOORE
170307
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel